# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-354V
**Filed: August 16, 2016**

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| DUFHANE HYDE, Sr., as parent and legal representative of the estate of his son, DUFHANE HYDE, Jr., deceased | |
| Petitioner, | Special Master Gowen |
| v. | Table Encephalopathy; Diphtheria Tetanus acellular Pertussis; Inactive Polio; Haemophilus Influenza Type B; Death. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## RULING ON ENTITLEMENT[1]

**Gowen**, Special Master:

On March 18, 2016, Dufhane Hyde Sr., parent and legal representative of the Estate of Dufhane Hyde, Jr. ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). The petition alleges that the minor child suffered a Table injury, namely a seizure disorder and encephalopathy resulting in death, as a result of the administration of diphtheria tetanus acellular-pertussis ("Dtap"), inactive polio ("IPV"), and haemophilus influenza type b ("HiB") vaccines on March 20, 2014. Petition at Preamble.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 16, 2016, respondent filed her Rule 4(c) Report ("Respondent's Report") in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 1. Specifically, respondent submits that based on her review of the petition and supporting documentation, she "concludes that Dufhane Jr. suffered a Table injury of encephalopathy within 72 hours of DTaP vaccine administration, and that there is not a preponderance of evidence that his encephalopathy was due to factors unrelated to the DtaP vaccine." *Id.* at 3-4; *see* 42 U.S.C. §300aa-13(a)(1)(B). She adds that, "[i]n light of Dufhane Jr.'s death on March 31, 2014, the statutory severity requirement has been satisfied. Respondent's Report at 4; *see* §300aa-11(c)(D)(ii).

In view of respondent's concession, and the evidence before me, I find petitioner is entitled to compensation based on a Vaccine Table injury of encephalopathy. *See* 42 C.F.R. § 100.3(a), (b)(2). A separate damages order will issue.

**IT IS SO ORDERED.**

                                               <u>s/ Thomas L. Gowen</u>
                                               Thomas L. Gowen
                                               Special Master