# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 16-354V

Filed: February 8, 2017

| | |
|---|---|
| * * * * * * * * * * * * | UNPUBLISHED |
| DUFHANE HYDE, Sr. *as parent and legal* * | |
| *representative of the estate of his son* * | |
| DUFHANE HYDE, Jr. *deceased,* * | |
| * | |
| Petitioner, * | Special Master Gowen |
| * | |
| v. * | Joint Stipulation on Damages; |
| * | Diphtheria, Tetanus, Acellular |
| SECRETARY OF HEALTH * | Pertussis ("DTaP"); |
| AND HUMAN SERVICES, * | Haemophilus Influenzae |
| * | Type B ("Hib"); Inactivated Polio |
| Respondent. * | ("IPV"); Encephalopathy; Death |
| * | |
| * * * * * * * * * * * * | |

Andrew P. Garza, Law Offices of Andrew P. Garza, L.L.C., Glastonbury, CT, for petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On March 18, 2016, Dufhane Hyde, Sr. ("petitioner") filed a petition on behalf of his deceased son, Dufhane Hyde, Jr., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that as a result of receiving diphtheria, tetanus, acellular pertussis ("DTaP"), haemophilus influenzae type B ("Hib"), and inactivated polio ("IPV") vaccines on March 20, 2014, Dufhane Hyde, Jr., suffered a Table encephalopathy and died on March 21, 2014, as a result of his vaccine-related injury. Petition at 1-2.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 8, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation.  The stipulation acknowledges that Dufhane, Jr. sustained the first symptom or manifestation of the onset of an encephalopathy within the time period set forth in the Vaccine Injury Table for the DTaP vaccine, and states that "[t]here is not a preponderance of evidence that Dufhane, Jr.'s encephalopathy or death was due to factors unrelated to the DTaP vaccine . . . [a]ccordingly petitioner is entitled to compensation under the terms of the Vaccine Program."  Stipulation at ¶¶ 6-7.  The parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following in compensation:

a.  **A lump sum of $360,000.00 in the form of a check payable to petitioner as legal representative of the estate of Dufhane Hyde, Jr.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DUFHANE HYDE, SR., as parent and legal representative of the estate of his son, DUFHANE HYDE, JR, deceased, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 16-354V <br> Special Master Thomas Gowen |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner Dufhane Hyde, Sr. ("petitioner"), as parent and legal representative of the estate of his deceased son, Dufhane Hyde, Jr. ("Dufhane, Jr."), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Dufhane, Jr.'s receipt of diphtheria-tetanus acellular pertussis ("DTaP"), inactive polio ("IPV"), and haemophilus influenza type b ("Hib") vaccines on March 20, 2014, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Dufhane, Jr. received DTaP, IPV, and Hib immunizations on March 20, 2014.

3. The vaccines were administered within the United States.

4. Dufhane, Jr. sustained the first symptom or manifestation of the onset of an encephalopathy within the time period set forth in the Vaccine Injury Table for the DTaP vaccine, and subsequently died as a result of his vaccine-related injury.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Dufhane, Jr.'s injury or death.

6.  There is not a preponderance of evidence that Dufhane, Jr.'s encephalopathy or death was due to factors unrelated to the DTaP vaccine.

7.  Accordingly petitioner is entitled to compensation under the terms of the Vaccine Program.  Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$360,000.00** in the form of a check payable to petitioner as legal representative of the estate of Dufhane Hyde, Jr.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.  Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the estate of Dufhane, Jr. under

the laws of the State of Connecticut. No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of the estate of Dufhane, Jr. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Dufhane, Jr. at the time payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Dufhane, Jr. upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and as legal representative of the estate of Dufhane Hyde, Jr., deceased, and on behalf of Dufhane Hyde, Jr.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccinations administered on March 20, 2014, as alleged by petitioner in a petition for vaccine compensation filed on March 18, 2016, in the United States Court of Federal Claims as petition No. 16-354V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the items of compensation sought, is not grounds to modify or revise this agreement.

15.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

4

Respectfully submitted,

**PETITIONER:**

DUFHANE HYDE, SR., as parent and
legal representative of the estate of his son,
DUFHANE HYDE, JR, deceased

**ATTORNEY OF RECORD FOR
PETITIONER:**

2|3|17

ANDREW GARZA
Law Offices of Andrew P. Garza, L.L.C.
437 Naubuc Avenue, Suite 107
Glastonbury, CT 06033
(860)578-8358

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of
   Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
   and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136

Dated:  2|8|17