# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 31, 2017

| | |
|---|---|
| * * * * * * * * * * * * | |
| DUFHANE HYDE, Sr. *as parent and legal representative of the estate of his son* DUFHANE HYDE, Jr. *deceased*, | PUBLISHED |
| Petitioner, | No. 16-354V |
| v. | Special Master Gowen |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs; Special Master's Discretion. |
| Respondent. | |
| * * * * * * * * * * * * | |

Andrew P. Garza, Law Offices of Andrew P. Garza, LLC, for petitioner.
Voris E. Johnson, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 18, 2016, Dufhane Hyde, Sr. ("petitioner") filed a petition on behalf of his deceased son, Dufhane Hyde, Jr., pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving diphtheria, tetanus, and acellular pertussis ("DTaP"), haemophilus influenzae type B ("Hib") and inactivated polio ("IPV") vaccines on March 20, 2014, Dufhane Hyde, Jr. suffered a Table encephalopathy and died on March 21, 2014. Petition (ECF No. 1) at 1-2.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 8, 2017, the parties reached a stipulation recommending that compensation be awarded to petitioner, which I approved on the same day.  Stipulation Decision (ECF No. 28).  Petitioner is therefore entitled to an award of reasonable attorneys' fees and costs, incurred in any proceeding on the petition.  42 U.S.C. § 300aa-15(e).

On August 7, 2017, petitioner filed a motion for attorneys' fees and costs.  Petitioner's Motion (ECF No. 37).  The motion requested $11,796.00 in attorneys' fees and $804.20 in attorneys' costs, for a total request of $12,600.20.  Petitioner's Motion, Exhibit A at 1.  Consistent with General Order #9, petitioner's counsel represents that he, not petitioner, paid all costs expended in the case.  *Id.*

On August 8, 2017, respondent filed a response to petitioner's motion for attorneys' fees and costs.  Respondent's Response (ECF No. 38).  Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case.  Respondent's Response at 2.  Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 3 (internal footnote omitted).  This matter is now ripe for adjudication.[3]

I have reviewed the motion for fees and costs and the supporting documentation.  In my experience, the request seems reasonable.  I find no cause to adjust petitioner's counsel's hourly rates, time expended, or costs.

Accordingly, I award the following:

1) **A lump sum in the amount of $12,600.20, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Andrew P. Garza.[4]**

---

[3] I deem this to be a *final* motion for attorneys' fees and costs. I note that petitioner used the docketing entry for a motion for *interim* attorneys' fees and costs.  The motion included certain fees and costs incurred to date associated with probate court proceedings.  The motion provided: "there are likely to be an additional four (4) hours, at a minimum, after today's date that will be spent on petitioner's case in [the probate court] to finalize the estate and distributions."  Motion, Exhibit A at 1.  In a subsequent email exchange with my law clerk, petitioner's counsel confirmed that the motion includes fees and costs that have been incurred to date, to establish the decedent's estate and appoint petitioner as its legal representative.  Any further costs will be for the purposes of disbursement and winding down the estate.  Petitioner's counsel deferred to my opinion that under the Vaccine Act, these further costs are not "incurred" on the petition and therefore not compensable.   Thus, petitioner's counsel agreed that the motion is complete and final as filed.  Respondent's counsel was included in this correspondence and had no objection.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.